[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This court has reviewed the file and has taken specific note of paragraph 8 of Judge Alander's Memorandum of Decision dated October 10, 2000 and paragraph 7 of the Qualified Domestic Relations Order that was approved by all counsel and then ordered by Judge Alander on October 22, 2001.
Paragraph 8 of the Judgment states in part that the "defendant is awarded a total of $391,779 of the retirement accounts held by the plaintiff in order to equalize their retirement accounts." Paragraph 7 of the Qualified Domestic Relations Order states "Amount of AlternatePayee's Benefit: The date of valuation for all purposes is October 10,2000. The Court awarded the Alternate Payee a total of $391,779 from the retirement accounts held by the Participant as of October 10, 2000. This sum is to be deducted from the Participant's balance in the Plan and placed into a separate account for the Alternate Payee, pursuant to the Alternate Payee's direction."
Unfortunately, the Qualified Domestic Relations Order was not executed until October 22, 2001 due in part to a disagreement on the amount of the transfer from the retirement accounts held by the Participant into a separate account for the Alternate Payee. It would serve no purpose to go over the procedural history of how the parties got to this point in time other than for this court to find that neither party is solely responsible for the delay and neither party is found to be in contempt of any orders of this court in connection with the execution and CT Page 5975 implementation of the Qualified Domestic Relations Order dated October 22, 2001.
In order to maintain the integrity of the financial orders entered by Judge Alander on October 10, 2000, this court finds that the transfer of $391,779 to the defendant from the plaintiffs retirement accounts was fixed in time as of the date of the decision. From that point forward, the defendant's share of the plaintiffs retirement accounts would fluctuate similarly to the fluctuation's in the plaintiffs remaining share until her share is mechanically placed in her name via the Qualified Domestic Relations Order. As noted during oral argument, the parties need to proportionally allocate the transfer between the two retirement accounts held by plaintiff.
The parties are hereby ordered to proceed with the transfer in accordance with the foregoing findings pursuant to the defendant's direction.
Kenefick, J.